[Civ. No. 5941. Third Appellate District.—May 3, 1939.]

H. H. BECHTEL, Plaintiff and Respondent, v. C. M. CAKE et al., Appellants; CORPORATION OF AMERICA (a Corporation) et al., Cross-defendants and Respondents.

L. G. Hitchcock for Appellants.

Louis Ferrari, G. D. Schilling, C. H. White, Barrett & McConnell and Keyes & Erskine for Respondents.

TUTTLE, J.—This is an action brought by respondent, as assignee of Bank of America, to recover a deficiency after a sale under a deed of trust. Judgment was entered against appellants in the sum of $11,878.85. The appeal is taken from the judgment.

■ The sole ground urged for reversal in the opening brief is the asserted invalidity of the sale. The trial court found all necessary facts to constitute a valid and legal sale, and we find that there is ample evidence in the record to support such findings. Notwithstanding this, appellants rely upon the opinion of the trial court, which admittedly disposes of the case upon the ground that the trust deed contains a recital that it ''shall be conclusive of all matters and facts affecting the regularity and validity of the sale''. The entire opening brief of appellants is devoted to the effect of such such recital. The precise position taken by appellants is indicated clearly in the following excerpt from their opening brief:

''In the instant case, in the first instance, a suit was filed for a deficiency judgment after a purported sale under a deed of trust. The court, in its opinion, stated that proof of the absence of a sale preponderated in favor of defendants, but, nevertheless, gave judgment to the plaintiff for the deficiency, holding, as heretofore pointed out in the discussion of the court, that the defendants precluded themselves from relying upon such a defense by reason of the provisions contained in the trust deed as to the conclusiveness of the recitals of the trustee's deed. Therefore, the crux of the entire appeal is whether or not the defendants in this action are conclusively bound by the recitals in the trustee's deed.''

No attempt whatever is made in that brief to point out wherein the evidence is insufficient to support the judgment. In other words, an attempt is made to use the opinion of the trial court for the purpose of impeaching the findings. Numerous cases hold that this cannot be done. Typical of these is *Goldner* v. *Spencer,* 163 Cal. 317 [125 Pac. 347], where the following language is used:

''But, as has often been said, we cannot consider these written opinions in determining whether or not the findings are sufficiently supported by the evidence. Although in fact in the bill of exceptions, *they constitute no proper part of the record for any such purpose.* The findings of fact filed October 20th, 1910, must be taken as embodying the conclusions of the trial court on all questions of fact submitted to it for decision. The *only question* for us is whether these findings have sufficient legal support in the evidence and such inferences as may reasonably be drawn therefrom. (Italics ours.)''

In their closing brief appellants claim for the first time that the trial court's finding as to the *amount of the judgment* is not supported by the evidence. The testimony upon the part of plaintiff showed that the total indebtedness due upon several notes secured by the deed of trust amounted to $20,423.51, together with interest at seven per cent per annum from June 16, 1933, the date of the sale. It appears from the findings that plaintiff at the trial waived $11,000 of such amount. The burden of proving payment was upon appellants (20 Cal. Jur., p. 952, sec. 30), but they offered no evidence whatever upon the matter. The record contains ample evidence to support the amount of the judgment as found by the trial court. Furthermore, the aggregate of the credits which appellants claim are due is considerably less than the amount which was waived, so that the asserted error was not prejudicial to appellants.

The appeal is without merit, and the judgment is, therefore, affirmed.

Thompson, J., and Pullen, P. J., concurred.